UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ANDRE ANTROBUS,

                                                    Petitioner,

            -against-

WARDEN OF OBCC RIKERS ISLAND,

                                                    Respondent.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
24-CV-00155 (OEM)

**ORELIA E. MERCHANT, United States District Judge:**

Before the Court is petitioner Andre Antrobus's ("Petitioner") amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2441 (the "Amended Petition" or "Am. Pet."), ECF 7.[1] Petitioner is a pretrial detainee currently held on Rikers Island at the Otis Bantum Correctional Center ("OBCC"). *Id.* at 7.[2] For the reasons discussed below, the Court construes Petitioner's motion as seeking relief under 28 U.S.C. § 2241 and denies it without prejudice.

## BACKGROUND

Petitioner, a pretrial detainee, is currently remanded to OBCC pursuant to Kings County Indictment No. 70448-2022. Am. Pet. at 1-2. A review on the Department of Corrections' ("DOC") Inmate Lookup Service website indicates Petitioner was arrested on November 22, 2022,

---

[1] Petitioner filed his initial § 2241 petition on January 1, 2024. ECF 1. By memorandum and order dated February 12, 2024, the Court granted Petitioner's request to proceed *in forma pauperis* (the "IFP Order"), ECF 5. The Court directed the Clerk of the Court to consolidate Petitioner's two other § 2241 actions – 1:24-cv-00390 and 1:24-cv-00532 – into this case, 1:24-CV-00155, as it was the first case filed. Further, the Court granted Petitioner leave to file an amended petition that (1) identified the grounds on which he seeks relief and (2) pleaded facts showing that he has fully exhausted his claims by presenting the grounds for relief to the state courts. *Id.* On February 29, 2024, Petitioner filed the Amended Petition. ECF No. 7.
[2] All pagination references to the Amended Petition refers to the page number as generated by the Court's CM/ECF docketing system.

1

and his next Court Date is December 28, 2028.³ *See id.*, https://perma.cc/LK3F-8LYD (last visited March 13, 2024) (searching for "Andre Antrobus"). Petitioner raises, among other things, alleged "violation[s] of [his] constitutional rights" (*id.* at 2); "due process violations," such as being banned from the law library for 9 months (*id.* at 3); "C.O.s block[ing him] from going to[] court" (*id.* at 7); and being "subjected to[] conditions that violate the constitution" (*id.*); and "total barb[arous] conditions" in OBCC, including "[c]uttings, assaults, burns, contract hits, blocking mail every 7 months, unreasonable seizures of exonerating evidence[,] lack of food, services and medical" (*id.* at 6-7). Petitioner seeks his "release . . . pending" the writ. *Id.* at 8.

## DISCUSSION

As an initial matter, the Court must determine whether the Amended Petition is properly brought under § 2241 or § 2254. This inquiry is relevant because, even though both statutory avenues require the Petitioner to exhaust his claims, the bar for exhaustion is different under each. *See Carter v. Fields*, No. 19-CV-5364 (PKC), 2020 WL 5517241, at *2 (E.D.N.Y. Sept. 14, 2020). With narrow exceptions not applicable here, "[t]he text of Section 2254 requires a petitioner to pursue his claims to the highest court of the state before seeking relief from a federal court." *Id.* (citing 28 U.S.C. § 2254) (other citations omitted). "In contrast, Section 2241's exhaustion requirement is a judicial invention and may be waived upon a showing of futility, incapability, and undue prejudice." *Id.* (cleaned up).

Here, Petitioner filed his Amended Petition on a form petition, AO 242, which invokes § 2241 as the avenue of habeas relief. *See id.* at 1. The Court finds § 2241 proper rather than §

---

³ The Court may take judicial notice of governmental websites such as the DOC's Inmate Lookup Service. *See Leger v. Kalitta*, No. 16-CV-6545 (PKC)(PK), 2018 WL 2057142, at *3 (E.D.N.Y. Jan. 26, 2018).

2254. Under 28 U.S.C. § 2254 "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* (emphasis added). Thus, as a matter of law, 28 U.S.C. § 2254 cannot apply to Petitioner because he is a pretrial detainee. Petitioner plainly does not—and cannot—attack the validity of any judgment or sentence here as no judgment has been entered and no sentence has been imposed on him.[4] *See Robinson v. Sposato*, No. 11-cv-0191 (SJF), 2012 WL 1965631, at *1 (E.D.N.Y. May 29, 2012) ("Since petitioner, a pretrial detainee at the time he commenced this proceeding, was not 'in custody pursuant to the judgment of a State court' at the time he filed his petition, he cannot seek habeas corpus relief under Section 2254." (citing 28 U.S.C. § 2254)).

With this issue settled, "the Court finds that Petitioner's petition must be denied because of his failure to exhaust." *Carter*, 2020 WL 5517241, at *4 (citation omitted). Courts in this circuit have "interpreted [§ 2241] to require a petitioner to exhaust available state court remedies before seeking relief . . . in federal court."[5] *Henry v. United States,* No. 11-CV-391 (KAM), 2014 WL 7075800, at *3 (E.D.N.Y. Dec. 12, 2014). Moreover, "[b]ecause the state proceedings are

---

[4] In the event where ambiguity arises as to which statute a habeas petition is properly brought, substance rules over form: "The Court . . . looks at the *nature* of the petition, rather than the label, in determining the proper basis." *Carter*, 2020 WL 5517241, at *2 (citing *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 277–78 (2d Cir. 2003) (construing a habeas petition filed under Section 2241 as properly under 2254)) (emphasis added). Looking at the "nature" of the petition here, Petitioner's core complaints involve the "barb[arous] conditions" alleged at OBCC which Petitioner alleges fall below constitutional minimums. Am. Pet. at 6-7. Courts in this district have generally agreed that habeas petitions addressing conditions of confinement are properly raised under § 2241. *See Carter*, 2020 WL 5517241, at *3 (E.D.N.Y. Sept. 14, 2020) (citing *Jones v. Smith*, 720 F.3d 142, 147 (2d Cir. 2013) (highlighting that Second Circuit "has noted in dicta that Section 2241 is the appropriate mechanism by which to challenge conditions of confinement") (collecting cases finding same).

[5] However, a petitioner who has not exhausted available state court or administrative remedies may only seek a writ of habeas corpus under Section 2241 if: (1) he establishes cause for his failure to exhaust and prejudice as a result of the alleged violation of federal law, or (2) he demonstrates that the failure to consider his claims will result in a fundamental miscarriage of justice." *Robinson*, 2012 WL 1965631, at *2 (citing *Coleman v. Thompson,* 501 U.S. 722, 750 (1991)).

pending before the trial court, petitioner's claims have yet to be presented to the highest state court, and petitioner therefore has not exhausted his available state remedies." *Robinson*, 2012 WL 1965631, at *2 (citation omitted); *see Allen v. Maribal*, No. 11-CV-2638 (KAM), 2011 WL 3162675, at *1 (E.D.N.Y. July 25, 2011) ("The habeas corpus statute, [§ 2241,] however, cannot be used to 'permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.'" (quoting *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493 (1973)). "Because the state proceedings are pending before the trial court, petitioner's claims have yet to be presented to the highest state court, and petitioner therefore has not exhausted his available state remedies." *Id.* (citing *U.S. ex rel. Scranton v. State of N. Y.*, 532 F.2d 292, 296 (2d Cir. 1976)).

Lastly, for the reasons stated previously in the Court's IFP Order, *Younger* abstention independently requires the Court to abstain from interfering with Petitioner's ongoing state court criminal proceedings. *See id.* at 3-4; *Younger v. Harris*, 401 U.S. 37, 46 (1971) (There is a "fundamental policy against federal interference with state criminal prosecutions" which can only be overcome by an "irreparable injury" that is "both great and immediate."). "At the time he commenced this proceeding, the criminal proceeding against [P]etitioner was [and still is] pending in state court and there is ample opportunity for review of petitioner's constitutional claim in state court, *i.e.*, by way of direct appeal from, or other collateral attack of, his judgment of conviction in state court." *Robinson*, 2012 WL 1965631, at *3. Further, Petitioner has not demonstrated any "extraordinary" or "unusual" circumstances that would militate against *Younger* abstention. *See id.* The Court finds *Younger* abstention appropriate and therefore must also dismiss the proceeding on that ground. *See McPherson v. Lamont*, 457 F. Supp. 3d 67, 82 (D. Conn. 2020) ("Where it

4

applies, Younger abstention is mandatory, and thus the federal court may not retain jurisdiction and must dismiss the claims governed by *Younger*.").

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied without prejudice. As petitioner has not made a substantial showing of the denial of constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

/s/ ORELIA E. MERCHANT
United States District Judge

Dated: March 18, 2024
      Brooklyn, New York